**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IAN WEDDLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-CV-0095-CVE-FHM** |
| | ) | |
| **FARMERS INSURANCE COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Objection to and Motion to Modify or Set Aside Magistrate's Order Denying Motion for Independent Medical Examiner (Dkt. # 43, 44). Defendant appeals the magistrate judge's order (Dkt. # 41) denying its Motion for Independent Medical Examination (Dkt. # 27), and argues that the magistrate judge's was clearly erroneous or contrary to law. Plaintiff responds that his medical condition is not in controversy and an independent medical examination (IME) would not result in the discovery of relevant evidence, and the magistrate judge's decision to deny defendant's motion for an IME should be affirmed. Dkt. # 45.

**I.**

Plaintiff Ian Weddle alleges that he was involved in an automobile accident on April 27, 2005, and the accident was caused by an underinsured motorist. Dkt. # 2, at 2. He filed a claim with his automobile insurer, Farmers Insurance Company, Inc. (Farmers), and demanded payment of all benefits, including uninsured or underinsured motorist benefits. Id. He alleges that Farmers refused to pay insurance benefits as required under the insurance policy. Id. Plaintiff alleges that Farmers breached the insurance policy and acted in bad faith by failing to pay all benefits due to him. Id. at 3. He claims that he has "suffered the loss of the insurance policy benefits, mental and emotional

distress, anxiety, embarrassment, medical expenses and financial hardship, all in amount in excess of $75,000.00." Id. at 4. Plaintiff has filed a lawsuit in state court against the alleged tortfeasors and Farmers, and Farmers states that plaintiff failed to appear for an IME requested by a defaulted tortfeasor in the state court case.[1] Dkt. # 27, at 1. Separately, on November 16, 2010, Farmers asked plaintiff to appear for an IME as part of its investigation, and it does not appear that an IME was conducted. See Dkt. # 40-1, at 16. However, the record is unclear if an IME was actually scheduled.

After plaintiff filed this lawsuit, Farmers filed a motion (Dkt. # 40) to compel plaintiff to appear for an IME, and plaintiff opposed Farmer's motion. Plaintiff argues that he has not placed his medical condition at issue, because the relevant conduct for the determination of damages is Farmers' alleged bad faith conduct. Dkt. # 40, at 7-8. Plaintiff also states that there is currently another lawsuit pending in state court between plaintiff and other potential tortfeasors, and he believes that Farmers is requesting the IME for the benefit of defendants it insures in the state court lawsuit. Farmers' motion for an IME of plaintiff was referred to a magistrate judge, and the magistrate judge set the matter for a hearing. At the hearing, counsel for Farmers advised the magistrate judge that plaintiff was involved in a second automobile accident in April 2007, and that plaintiff may have suffered personal injuries in the second accident. He argued that there was

---

[1] The IME was requested by Nahstahsiah Cole, a defendant in the state court lawsuit. Dkt. # 40-1, at 19. The state court entered a default judgment as to liability against Cole and plaintiff asserted that he had no obligation to comply with a discovery request by a party in default. Plaintiff states that the issue is being litigated in the state courts, but the docket sheet from the state court lawsuit shows that the trial judge ordered plaintiff to appear for an IME and the Oklahoma Supreme Court denied plaintiff's request for a writ of prohibition. At the hearing before the magistrate judge, counsel for defendant argued that plaintiff's legal objection was raised only after he failed to appear for the IME.

evidence suggesting that plaintiff walked away from the April 27, 2005 accident without suffering any personal injuries, and Farmers should be entitled to conduct an IME to evaluate whether one or both accidents may have contributed to plaintiff's injuries. Counsel for Farmers also argued that plaintiff has placed his medical condition in controversy because the issue of insurance coverage must be litigated as part of plaintiff's bad faith claim.

**II.**

Federal magistrate judges may hear and determine any pretrial matter that is not dispositive of the case and must enter a "written order setting forth the disposition of the matter." 28 U.S.C. § 636(b)(1); Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006). Fed. R. Civ. P. 72(a) provides that an order of the magistrate judge on a pretrial matter that is not dispositive shall be set aside or modified only if the order is found to be clearly erroneous or contrary to the law. Under this standard, the district court should affirm the magistrate judge's order "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) (quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)).

**III.**

Defendant asks the Court to set aside the magistrate judge's order denying its motion for an IME of plaintiff, because plaintiff's damages are, in part, based on the extent of his personal injuries allegedly suffered in the automobile accident giving rise to this case and the issue of insurance coverage is a necessary part of plaintiff's breach of contract and bad faith claims. Dkt. # 43, at 4. Plaintiff responds that his medical condition is not relevant to his bad faith claim against Farmers and Farmers unreasonably delayed when seeking an IME. Dkt. # 40, at 6-9. He claims that

Farmers' request for an IME is an abuse of the federal discovery process to obtain information for a defense to plaintiff's state court lawsuit. Id. at 9-11. If the Court requires plaintiff to submit to an IME, he asks the Court to impose strict restrictions on the scope of the IME.

Under Fed. R. Civ. P. 35(a), a district court may order a party to appear for an IME if the party's "mental or physical condition . . . is in controversy." The party requesting an IME of an opposing party has the burden to show that the opposing party's physical or mental condition is "in controversy" and that there is "good cause" for the IME. Herrera v. Lufkin Indus., Inc., 474 F.3d 675, 689 (10th Cir. 2007). Unlike other discovery rules that are liberally construed in favor of discovery, Rule 35 "requires discriminating application by the trial judge." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). This does not require the moving party to prove the merits of his or her claim or defense in order to obtain an IME, but the "movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule." Id. at 119. When a plaintiff seeks to recover damages for his past or present medical condition, this generally places the plaintiff's medical condition "in controversy" for the purpose of Rule 35. Id.; Herrera, 474 F.3d at 690 n.18; Fiechtner v. American Family Mut. Ins. Co., 2010 WL 4024039 (D. Colo. Oct. 13, 2010). The determination of good cause is closely related to a finding that a party's physical or mental condition is in controversy, and good cause may exist when a plaintiff alleges to have suffered injuries that a lay person may not be able to properly evaluate. Greenhorn v. Marriot Int'l, Inc., 216 F.R.D. 649, 652 (D. Kan. 2003).

Plaintiff argues that he has not placed his medical condition in controversy, because his claims are based on allegations that defendant acted in bad faith in its handling of his insurance claim. This is an unreasonably narrow view of plaintiff's claims and it is clear that plaintiff has

placed his medical condition in controversy. In count 1 (breach of contract), plaintiff seeks damages for personal injuries sustained. Dkt. # 2, at 3. In count 2 (bad faith), plaintiff seeks to recover "medical expenses" as part of his damages. Dkt. # 2, at 4. In order to recover medical expenses from defendant, he must show that any medical expenses are compensable under the parties' insurance contract and defendant is not required to take plaintiff's word that any medical bills he has submitted show that his injuries were caused by the April 27, 2005 accident. The allegations of the complaint place the cause of plaintiff's injuries and the extent of his injuries in controversy. Plaintiff's response to defendant's motion for an IME also shows that there is a separate reason that plaintiff's medical condition is in controversy. Plaintiff states that defendant has denied his claim for underinsured motorist benefits because plaintiff's claim did not exceed the value of the third party's liability coverage, or $10,000. Dkt. # 40, at 8. In other words, plaintiff is not eligible to recover underinsured motorist benefits if his medical expenses caused by the April 27, 2005 accident do not exceed $10,000.[2] Defendant should have an opportunity to conduct discovery, including an IME, to rebut plaintiff's claim that his covered medical expenses exceed $10,000.

Plaintiff argues that defendant cannot show good cause for an IME, because defendant waited six years after the accident to request an IME. He also argues that Farmers is abusing the federal discovery process by attempting to obtain an IME that can be used against plaintiff in a state court lawsuit. The length of time between the accident and defendant's request for an IME does not weigh against a finding of good cause. Plaintiff is essentially arguing that defendant's bad faith

---

[2] The Court is aware that plaintiff may argue that the other vehicle involved in the April 27, 2005 accident was stolen and that no third party liability coverage is available under Oklahoma law. However, this legal issue is not before the Court at this time and it is clear from the hearing before the magistrate judge that defendant intends to contest plaintiff's argument on factual and legal grounds.

conduct in handling his claim negates good cause that would otherwise exist, but this is simply an aspect of his bad faith claim. The Court also notes that some of the delay that plaintiff relies on in opposition to defendant's request for an IME was caused by his own failure to appear for an IME in the state court lawsuit. This also suggests that plaintiff may have been unwilling to voluntarily appear for an IME if defendant had requested one before the filing of this lawsuit. The evidence shows that plaintiff has placed his medical condition at issue in this lawsuit by seeking damages for his injuries and medical expenses and, even if he had not, the amount of his injuries and medical expenses related to the automobile accident would independently be relevant to his breach of contract claim. The strong relevance of plaintiff's medical condition is closely related to defendant's assertion that it has good cause to request an IME of plaintiff. It is likely that defendant will be unable to fully defend itself against plaintiff's claims if it is unable to obtain an independent assessment of whether plaintiff's injuries and medical expenses are reasonably related to the April 27, 2005 automobile accident, and this establishes good cause for the requested IME of plaintiff.

The Court finds that defendant's motion for an IME should be granted. Contrary to plaintiff's assertions, the extent of his injuries caused by the automobile accident is relevant to this case. First, plaintiff may be required to show that his medical expenses exceeded the third party tortfeasor's liability coverage in order to recover for breach of contract, and this places the extent of his injuries at issue. Second, plaintiff is seeking to recover for his medical expenses in this case, and defendant must have a meaningful opportunity to conduct discovery in opposition to plaintiff's request for damages. The Court notes that the automobile accident occurred over six years ago and this may limit the usefulness of the IME. Plaintiff may challenge the findings of the medical examiner at the appropriate time, but this does not defeat defendant's right to request an IME. The

parties should attempt to reach an agreement on a time and place for the IME, and they should also agree on the scope of the IME.[3] However, the IME must occur before the discovery cutoff of January 3, 2012, and plaintiff will be subject to an appropriate sanction if he fails to appear for an IME.

**IT IS THEREFORE ORDERED** that Defendant's Objection to and Motion to Modify or Set Aside Magistrate's Order Denying Motion for Independent Medical Examiner (Dkt. # 43, 44) is **granted**, and the magistrate judge's order (Dkt. # 41) is **reversed** to the extent that he denied defendant's Motion for Independent Medical Examination (Dkt. # 27). Defendants' Motion for Independent Medical Examination (Dkt. # 27) is **granted**, and plaintiff shall appear for IME at a date agreed upon by the parties but in no event after the discovery cutoff of January 3, 2012. Failure to comply with this Opinion and Order will result in the imposition of sanctions against plaintiff.

**DATED** this 9th day of November, 2011.

Claire V Eagan

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

3 The parties' filings suggest that plaintiff injured his back in the automobile accident, and plaintiff's medical expenses are primarily for treatment of his back. This does not mean that an IME may not encompass other aspects of plaintiff's physical condition, but the parties should be able to agree on relevant areas of inquiry during the IME and that certain invasive techniques that plaintiff imagines may be part of an IME are unnecessary. See Dkt. # 40, at 12.